# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSE A. VILLAGRANA, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 04 C 4603 |
| | ) Judge Joan H. Lefkow |
| VILLAGE OF OSWEGO, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jose A. Villagrana ("Villagrana"), has filed a seven-count Amended Complaint against defendants, Village of Oswego, (the "Village"), the Illinois Department of Children and Family Services ("DCFS"), DCFS employee Rufus Johnson ("Johnson"), in his individual capacity, and several others. Villagrana brings his claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, 42 U.S.C. § 1983, and Illinois law. This Memorandum Opinion and Order addresses only those counts directed at DCFS and Johnson. Villagrana alleges that DCFS and Johnson conspired with the Oswego Police Department to arrest him without probable cause or warrant in violation of the Fourth Amendment (Count IV). He further alleges that this conduct interfered with his and his wife's interest in making important decisions relating to marriage, family relations, child rearing and education, in violation of the family privacy right under the Fourteenth Amendment (Count V). He alleges that DCFS and Johnson, after participating in bringing charges against him, published false and injurious statements that harmed his reputation (Count VI). Finally, he alleges that DCFS and Johnson singled him out for

prosecution based on his national origin in violation of the Fourteenth Amendment (Count VII). This court has jurisdiction over the claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. DCFS and Johnson move to dismiss Counts IV-VII pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the court grants the motion in part and denies it in part.

## STANDARDS FOR A MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Sanville v. McCaughtry*, 266 F.3d 724, 732 (7th Cir. 2001). In ruling on a motion to dismiss, the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2002). Nevertheless, the court is not required to "ignore any facts set forth in the complaint that undermine the plaintiff's claim [nor does it] assign any weight to unsupported conclusions of law." *LeBlang Motors, Ltd. v. Subaru of Am., Inc.*, 148 F.3d 680, 690 (7th Cir. 1998) (internal citations and quotations omitted).

## FACTS

Villagrana is a Mexican-American male and a resident of the Village of Oswego, Illinois. DCFS is a unit of state government within the state of Illinois. Johnson is an agent and employee of DCFS. (Am. Compl. ¶ 2, 4, 5.)

According to the Amended Complaint, taken as true for the purpose of this motion, on

2

January 24, 2002, Villagrana, in the presence of his wife, administered corporal punishment on their twelve year old son. (*Id.* ¶ 19.) At the time, his son had bruises on his body that came from his extracurricular sporting activities. (*Id.*) Four days later, when disciplined at school, Villagrana's son stated that the bruises on his body were the result of Villagrana's corporal punishment. (*Id.*) On the same day, DCFS employee Rufus Johnson was dispatched to further investigate the matter. (*Id.* ¶ 20.) Johnson did not question the child or attempt to interview all witnesses to the event. (*Id.*) Instead, Johnson called Villagrana on his mobile telephone and stated, "Don't hit the child with a belt, use your hand" and "I know who you are, you're a Sheriff's Deputy and an Attorney. I know State's Attorney Brenda Karales but I'm not going to make trouble for you. I'm going to send your son home." (*Id.*)

When the child refused to go home, he was taken to the Oswego Police Department. (*Id.* ¶ 21.) Villagrana arrived there with his wife and was charged with domestic battery by Oswego Police Officers Scott Hart and Chad Dickey. (*Id.*) The officers then called Johnson and advised him to prosecute Villagrana through DCFS. (*Id.* ¶ 22.) Villagrana alleges that Johnson then told Villagrana's wife that she should not have stood by as her son "got a beating." (*Id.* ¶ 22.) Villagrana alleges that after January 29, 2004, defendants published or caused to be published false and injurious statements about the charged domestic battery that harmed his reputation. (*Id.* ¶ 29.) On March 10, 2004, an article appeared in the *Beacon News*, a suburban Chicago newspaper, depicting similar false statements about Villagrana. (*Id.* ¶ 30.) The charge of domestic battery against Villagrana was dismissed on May 7, 2004, but a finding of abuse from DCFS still stands against Villagrana in the State's Central Register. (*Id.* ¶ 24.)

3

# DISCUSSION

## I. DCFS

DCFS argues that Villagrana's claims against it must be dismissed because it is a state agency and is thus immune to Villagrana's claims under the Eleventh Amendment. The Eleventh Amendment provides

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Eleventh Amendment prohibits suits by a State's own citizens as well. The Supreme Court has explained,

> It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief requested.

*Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983). Because Villagrana cannot demonstrate that Illinois has waived its immunity from suit, Villagrana's claims against DCFS are barred by the Eleventh Amendment. DCFS's motion to dismiss is granted.

## II. Johnson

Villagrana brings claims against Johnson in his individual capacity for violating his Fourth and Fourteenth Amendment rights (Counts IV, V and VII) and for defaming him (Count VI). In Count IV, Villagrana alleges that Johnson, while investigating the allegations of domestic battery made against Villagrana by his son, "conspired to effect an arrest without probable cause and without a warrant" in violation of the Fourth Amendment. In the same count, Villagrana alleges that Johnson is liable to him for malicious prosecution. In Count V, Villagrana claims

4

that Johnson's investigation of the alleged domestic battery incident violated his right to family privacy under the Fourteenth Amendment. In Count VI, Villagrana claims that Johnson published the allegation of domestic battery, thus defaming Villagrana and harming his reputation. Finally, in Count VII, Villagrana asserts that Johnson targeted him in this domestic battery investigation because of his national origin in violation of the equal protection clause of the Fourteenth Amendment.

Johnson moves to dismiss all counts against him, arguing that he, as an employee of DCFS, is entitled to qualified immunity. "Qualified immunity is an affirmative defense which may be raised in a motion to dismiss . . . ." *Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997). To survive a motion to dismiss on qualified immunity grounds, a plaintiff must show that the defendant caused or played a role in causing the deprivation of the plaintiff's constitutional rights, *Kentucky v. Graham*, 473 U.S. 159, 165 (1985), and that, "at the time of the alleged illegal act, the right asserted by the plaintiff was clearly established in the particular factual context presented." *Polenz v. Parrott*, 883 F.2d 551, 554 (7th Cir.1989). "[W]here a plaintiff's complaint, even when accepted as true, [does] not state a cognizable violation of constitutional rights, then the plaintiff's claim fails." *Lanigan v. Village of Hazelcrest*, 110 F.3d 467, 472 (7th Cir. 1997).

### A. Fourth Amendment Claim (Count IV)

As to Villagrana's Fourth Amendment claim, even if Johnson "played a role" in Villagrana's arrest, the facts alleged in the Amended Complaint indicate that Villagrana's son's allegation of domestic battery and the accompanying physical evidence provided probable cause for Villagrana's arrest. Probable cause "requires more than bare suspicion but need not be based

5

on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false." *United States v. Moore*, 215 F.3d 681, 686 (7th Cir. 2000) (citation omitted). Moreover, the Seventh Circuit has "consistently held that an identification or a report from a single, credible victim or eyewitness can provide the basis for probable cause." *Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2000). Because Johnson based his investigation of the domestic battery allegations on the statements and physical appearance of the alleged victim, there was probable cause for his arrest. Thus did not violate Villagrana's Fourth Amendment rights.

### B. Malicious Prosecution Claim (Count IV)

Villagrana also asserts a malicious prosecution claim against Johnson. However, the Seventh Circuit has held that a claim for malicious prosecution may not be brought under section 1983. *Friedman v. Village of Skokie*, 763 F.2d 236, 239 (7th Cir. 1985); *Wroblewski v. City of Washburn*, 965 F.2d 452, 456 n.2 (7th Cir. 1992) ("[T]he courts have not recognized a constitutional wrong remedied by section 1983 in the separate tort of malicious prosecution."). Thus, Villagrana's malicious prosecution claim is dismissed.

### C. Invasion of Family Privacy Claim (Count V)

Villagrana also charges that Johnson's participation in the domestic battery investigation violated Villagrana's right to familial privacy under the due process clause of the Fourteenth Amendment. The Supreme Court has determined that parents have a constitutional interest in familial relations, which includes the right to "establish a home and bring up children." *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923). The right to familial privacy, though, is "limited by the compelling governmental interest in the protection of children particularly where the children

6

need to be protected from their own parents." *Brokaw v. Mercer County*, 235 F.3d 1000, 1019 (7th Cir. 2000); *see also Berman v. Young*, 291 F.3d 976, 983 (7th Cir. 2002) (determining that the right to familial relations is not absolute). When ruling on a familial privacy claim, then, the court must balance the fundamental right to family privacy against the state's interest in protecting minors from harm. *Id.*

When the constitutionality of a challenged action can be determined only by balancing the state's interest against the severity of the intrusion into protected personal interests, by definition the inquiry must proceed on a case-by-case basis. *Landstrom v. Illinois Dept. of Children and Family Services*, 1987 WL 17487, at *3 (N.D. Ill. Sept. 18, 1987). To show that a constitutional right was "clearly established" in such a situation, "the facts of the existing caselaw must closely correspond to the contested action." *Benson v. Allphin*, 786 F.2d 268, 276 (7th Cir. 1986). Villagrana cites no "closely correspond[ing]" case law suggesting that Johnson's actions violated his clearly established rights to familial privacy; indeed, he cites no case law at all. Though it is unnecessary for the plaintiff to specifically cite the legal basis for his claim in his pleading so as long as the facts alleged would support relief, *see Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000), when a plaintiff responds to a motion to dismiss that raises a qualified immunity defense, the plaintiff bears the burden of proving the existence of a clearly established right. *Kernats v. O'Sullivan*, 35 F.3d 1171, 1176 (7th Cir. 1994). Villagrana has failed to do so. Thus, his family privacy claim is dismissed.

### D. Equal Protection Claim (Count VII)

In Count VII, Villagrana alleges that

> while others similarly situated have not generally been proceeded against because of the conduct of the type forming the basis of the charge(s) against Plaintiff(s), Plaintiff(s) have been singled out in prosecution and have been singled out by being deprived of the here asserted Constitutional rights, and the Defendant's repeated discriminatory persecution of Plaintiff(s) has been invidious and in bad faith, based upon impermissible consideration [*sic*] such as National Origin . . . .

These allegations state a cognizable violation of Villagrana's constitutional right not to be discriminated against because of his national origin. This right was "clearly established" at the time of the alleged violation. *See Hernandez v. State of Texas*, 347 U.S. 475 (1954) (discrimination based on national origin prohibited by the Fourteenth Amendment).

Johnson makes two arguments in support of his qualified immunity defense. First, he argues that "Plaintiff provide [*sic*] absolutely no facts in their complaint that pertain to any wrongful actions of Defendant Rufus Johnson." (Memo. in Supp., at 6.) However, under the notice pleading standards of Rule 8, Fed. R. Civ. P., Villagrana does not need to allege facts; he only needs to set forth a "short and plain statement of the claim." He has done so. Because that claim states a cognizable violation of his clearly established constitutional rights, Johnson's argument fails.

Second, Johnson argues that Villagrana admits that Johnson did not believe his actions violated a clearly established federal law. (Reply, at 4.) However, what Johnson believed is irrelevant. Johnson is only entitled to this immunity if, at the time he acted, "he *reasonably could have determined* that his actions did not violate clearly established law." *Chan v. Wodnicki*, 123 F.3d 1005, 1008 (7th Cir. 1997) (citing *Anderson v. Creighton*, 483 U.S. 635, 638

8

(1987)) (emphasis added). "The inquiry focuses on the objective legal reasonableness of the action, not the state of mind or good faith of the officials in question." *Erwin v. Daley*, 92 F.3d 521, 525 (7th Cir.1996) (citing *Anderson*, 483 U.S. at 639), *cert. denied*, 519 U.S. 1116 (1997). Accepting as true, as the court must, that Johnson treated Villagrana differently in investigating the claims of domestic battery because of Villagrana's national origin, the court finds that no reasonable official would have believed that such unequal treatment was not a violation of Villagrana's constitutional rights. Thus, Johnson's motion to dismiss Count VII is denied.

### E. Defamation Claim (Count VI)

Johnson's only argument for dismissal of Villagrana's state law defamation claim is based on the assumption that all federal claims against Johnson would be dismissed. Because Villagrana's equal protection claim survives, this argument fails.

### ORDER

For the reasons stated above, motion by DCFS and Rufus Johnson to dismiss is granted in part and denied in part [#12]. All counts against DCFS are dismissed. Counts IV and V against Johnson are dismissed.

ENTER: /s/ Joan Humphrey Lefkow
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: January 28, 2005

9